_____ FILED _____ LODGED
_____ RECEIVED

Nov 20 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

The Honorable David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOHER MICHAEL COX,

Defendant.

CASE NO.  MJ25-5432

COMPLAINT for VIOLATION

Title 18, United States Code,
Section 922(g)(1)

BEFORE, David W. Christel, United States Magistrate Judge, U. S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

### COUNT 1

**(Unlawful Possession of a Firearm)**

On or about October 28, 2025, in Mason County, within the Western District of Washington, CHRISTOHER MICHAEL COX, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

a.    *Smuggling Goods into the United States, Clean Air False Statement,* and *Possession of Child Pornography*, in United States District Court for the Western District of Washington, under case number CR21-05221 RJB on or about January 28, 2022;

Complaint - 1
*United States v. Christopher Cox*
USAO No. 2025R01317

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, an Aero Precision X15 rifle and a Ruger EC9S 9MM pistol, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

And the complainant states that this Complaint is based on the following information:

I, Ly Tran, being first duly sworn on oath, depose and say:

## AFFIANT BACKGROUND & INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am currently employed as a Special Agent with the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI). I have been a federal law enforcement officer for over 20 years. Prior to my employment with HSI, I was a Parole Officer for the Washington State Department of Corrections for approximately four years.

2. I have participated in investigations involving human trafficking, financial crimes, cybercrimes, child exploitation, narcotics, and murder for hire. I am currently assigned as a Special Agent with HSI Tacoma, where my duties include investigating various types of criminal violations, including child sexual abuse investigations, Customs importation/exportation investigations, and firearm violation investigations.

3. As further detailed below, based on my investigation and the investigation of other law enforcement officers, I believe there is probable cause to conclude that CHRISTOPHER MICHAEL COX, a federally convicted individual, knowingly possessed firearms in violation of Title 18, United States Code, Section 922 (g)(1).

4. The facts set forth in this complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge

Complaint - 2
*United States v. Christopher Cox*
USAO No. 2025R01317

of the events and circumstances described herein; and information gained through my training and experience. Because this complaint is offered for the limited purpose of establishing probable cause, I have not set forth every fact known to me based on this investigation. Rather, I provided only those facts that I believe necessary to establish probable cause that CHRISTOPHER MICHAEL COX committed the offense charged in this complaint.

5.      This complaint is being presented by reliable electronic means pursuant to Local Criminal Rule CrR 41(d)(3).

**SUMMARY OF THE INVESTIGATION**

6.      In 2019, I was assigned to HSI Seattle in Washington State. I initiated an investigation into CHRISTOPHER MICHAEL COX ("COX") for vehicle smuggling, falsely impersonating an officer or employee of the United States, and possession/distribution of child sexual abuse materials. During that investigation, I applied for and was granted several search warrants, including search warrants for COX's email account, his person, and his residence. The search warrants yielded substantial number of counterfeited documents with fake department seal on them, illegal vehicles from Japan, and child sexual materials.

7.      In 2022, COX pled guilty in CR21-5221 RJB to three felony counts for violations of 18 United States Code, Section 545 - Smuggling Goods into the United States; 42 United States Code, Section 7413(c)(2)(A) and 7542, and 18 United States Code, Section 2 - Clean Air Act False Statement; and 18 United States Code, Section 2252(a)(4)(B) and 2252(b)(2) – Possession of Child Pornography. COX was sentenced in the United States Court, Western District of Washington, to 30 days confinement and supervised release for five years with the United States Probation (USP).

8.      I reviewed the Amended Judgment in a Criminal Case for case number CR21-5221 RJB, Cox's prior case out of United States of America v. Christopher M. Cox, from United States District Court, Western District of Washington. In addition to

Complaint - 3
*United States v. Christopher Cox*
USAO No. 2025R01317

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

confinement, the Court sentenced COX to five years supervised released with the following excerpted conditions:

"You must not commit another federal, state or local crime;"

"You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense;"

"You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers);"

"The defendant shall comply with the requirements of the U.S. Probation and Pretrial Services Computer Monitoring Program as directed. The defendant shall consent to the U.S. Probation and Pretrial Services Office conducting ongoing monitoring of his/her computer(s), hardware, and software, and any/and all electronic devices/media. The monitoring will include the installation, at the defendant's expense, of hardware or software systems that allow evaluation of his/her computer use. Monitoring may also include the retrieval and copying of all data from his/her computer(s) or any/and all other electronic devices/media. The defendant may be subject to quarterly polygraph testing at his/her expense, solely to ensure compliance with the requirements of the monitoring program. The defendant hereby consents to U.S. Probation and Pretrial Services' use of electronic detection devices to evaluate the defendant's access to Wi-Fi (wireless fidelity) connections;"

"The defendant shall notify the probation officer of all computer software owned or operated by the defendant at the commencement of supervision, and report any additional software purchase, acquisition, or use during the course of supervision;" and

Complaint - 4
*United States v. Christopher Cox*
USAO No. 2025R01317

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

"The defendant shall not possess or peruse any authentic, altered, or manufactured, in whatever form, material that depicts and/or describes "sexually explicit conduct," as defined in 18 U.S.C. §2256(2) or "child pornography," as defined in 18 U.S.C. §2256(8)."

9.    On October 29, 2025, I spoke to USPO Officer Castillo. He advised me that COX was on bond pending an evidentiary hearing on November 12, 2025, for his probation violations, including violations of refusing to submit to search, forging paystubs, failing to allow a probation officer to visit him at his home or elsewhere, and being untruthful. Officer Castillo stated that he has witnessed COX in possession of an unauthorized internet-capable device on two separate occasions and that COX exhibited evasive behaviors related to completing a polygraph examination with the polygrapher. Additionally, COX's authorized phone showed that he had not actively used it for the past two years, which suggested that COX had access to an unauthorized device without computer monitoring.

10.    Based on the above violations and suspicions, the US Probation Office authorized a search of COX's residence, 1051 NE Belfair Manor Drive, Belfair, Washington, on October 28, 2025. This residence is COX's listed address with US Probation, and he has resided there for the pendency of his supervised release term with the exception of a period of time in 2023 when a no contact order prevented him from living at the residence. COX lives at the listed residence with his wife, no one else is known to live there. COX and his wife maintained separate bedrooms in the residence.

11.    During the search, a probation officer found a Ruger 9mm pistol in a laptop bag in the bedroom in the residence identified as belonging to COX. The laptop bag was located on the lower shelf of the nightstand, beneath the drawer. The firearm was secured inside a silver lockbox in the laptop bag. Ammunition was found in a separate pocket of the same laptop bag, stored apart from the firearm.

Complaint - 5
*United States v. Christopher Cox*
USAO No. 2025R01317

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

12.     US Probation Officers also located an AR style rifle inside a duffel bag in COX's bedroom. The duffle bag was positioned under the left side of the bed, as viewed from the bedroom doorway. Officers contacted Mason County Sheriff's Office and the Deputy Sheriff responded and took over the scene and seized the firearms and ammunition.

13.     The Officers also seized multiple un-monitored electronic devices.

14.     On November 12, 2025, I took custody of the firearms and other evidence from Mason County Evidence Officer Erin Tesch. The evidence included one (1) Aero Precision X15 rifle with serial number X308245, twenty-one (21) rounds of rifle ammunition, one (1) Ruger EC9S 9MM pistol with serial number 457-01741, and sixty-three (63) rounds of 9MM.

15.     ATF Special Agent Brian Arnold, an interstate nexus expert, reviewed photographs of the firearms and determined that if these firearms were received and/or possessed in the State of Washington, they traveled in and affected interstate or foreign commerce as defined in Title 18 United States Code, Section 921 (a)(2).

### CONCLUSION

Based on the above facts, I respectfully submit that there is probable cause to believe that CHRISTOPHER MICHAEL COX did knowingly and unlawfully possess firearms in violation of Title 18, United States Code, Section 922(g)(1).

LY C TRAN
Digitally signed by LY C TRAN
Date: 2025.11.19
17:01:44 -08'00'

LY TRAN, Complainant
Special Agent, Homeland Security
Investigations

Complaint - 6
*United States v. Christopher Cox*
USAO No. 2025R01317

The above-named agent provided a telephonic sworn statement attesting to the truth of the contents of the foregoing affidavit on November 20, 2025. Based on the complaint and sworn affidavit, the Court finds that there is probable cause to believe that the defendant committed the offenses set forth in the complaint.

Dated this 20th day of November, 2025.

_____
The Honorable David W. Christel
United States Magistrate Judge

Complaint - 7
*United States v. Christopher Cox*
USAO No. 2025R01317